IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA,

v.  CASE NO. 1:06-cr-00010-MP-AK

KARLO ANDREW LAFORTEZA,

    Defendant.

_____/

**O R D E R**

This matter came before the Court for a hearing on March 28, 2007, regarding Mr. LaForteza's competency and, specifically, whether anti-psychotic medication can be administered to Mr. LaForteza against his wishes, in order to attempt to render him competent to stand trial. During the hearing, the Court heard the argument of the United States and of Mr. LaForteza's attorney. Additionally, the Court received testimony from Dr. Robert Lucking, M.D., the Staff Psychiatrist who examined Mr. LaForteza at the Federal Medical Center in Butner, North Carolina.

In Sell v. U.S., 539 U.S. 166, 123 S.Ct. 2174 (2003), the Court held that the Constitution permits the Government to involuntarily administer anti-psychotic drugs to a mentally ill defendant facing serious criminal charges in order to render that defendant competent to stand trial, but only if the treatment (1) is necessary significantly to further important governmental trial-related interests; (2) is the least intrusive alternative reasonably available; (3) is substantially unlikely to have side effects that may undermine the fairness of the trial; and (4) is medically appropriate. In this regard, the Court has reviewed the Written Report of Dr. Lucking, doc. 26, which is consistent with his oral testimony given by telephone during the March 28,

2007, hearing.  The Court finds that Dr. Lucking's report and testimony demonstrate that the forced administration of anti-psychotic drugs would satisfy elements 2 through 4 above.  See Medical Report, doc. 26, pp. 13-16.

However, the Court finds that the first prong cannot be met in this case.  Here, Mr. LaForteza has been in custody almost as long as the maximum recommended sentence under the Guidelines for his offense, if proven.  Thus, the Court cannot conclude that the Government interest in this case rises to the level necessary to satisfy the first prong of the Sell test.   Thus, the Court declines to order the forced administration of the medicine.

However, the Court continues to have reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. Under 18 U.S.C. § 4241, "[i]f, at the end of the time period specified [for evaluation], it is determined that the defendant's mental condition has not so improved as to permit proceedings to go forward, the defendant is subject to the provisions of sections 4246 and 4248."  Section 4246 is entitled "Hospitalization of a person due for release but suffering from mental disease or defect." Under that Section, if after evaluation and a hearing, the court finds "by clear and convincing evidence that the person is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another"  then the Court can commit the defendant to the custody of the Attorney General.  The Attorney General would then be responsible for attempting to find placement for the defendant in a suitable state facility.  Moreover, based on the testimony and psychiatric reports in this case, the Court concludes that

an inquiry into whether Mr. LaForteza was insane at the time of the offense is justified in this case.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

Mr. LaForteza is remanded into the custody of the United States Marshal, who shall return Mr. LaForteza to Butner and the custody of the Attorney General for evaluation of whether (1) Mr. LaForteza is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another; and (2) whether he was insane at the time of the offense. The officials at Butner shall examine Mr. LaForteza and issue a report pursuant to provisions of 18 U.S.C. § 4247.

**DONE AND ORDERED** this  *30th*  day of March, 2007

 *s/Maurice M. Paul* 
Maurice M. Paul, Senior District Judge